IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXON VELIS MONRROY, an individual, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:21-cv-3230 |
| ) | |
| v. ) | |
| ) | |
| TRUE JUICE, LLC, an Illinois limited liability ) | |
| company, and WHITNEY FITZGERALD, an ) | |
| individual, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The Plaintiff, Exon Velis Monrroy, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, True Juice, LLC, an Illinois limited liability company, and Whitney Fitzgerald (collectively, the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff overtime compensation for hours worked over forty (40) in a workweek. Plaintiff is a former food preparer and juice maker at Defendants' True Juice restaurant locations and preparation facility.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Exon Velis Monrroy ("Velis") is a former employee of Defendants' True Juice restaurants located at 542 Chestnut Street, Winnetka, Illinois and 1852 First Street, Highland Park, Illinois and Defendants' preparation facility located at 2939 W. Grand Avenue in Chicago, Illinois. Plaintiff Velis worked as a food preparer and juice maker at Defendants' restaurants and preparation facility from April, 2013 through March, 2021.

5. During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, tools and equipment which moved in interstate commerce prior to being used or purchased in Illinois.

6. Plaintiff resides in and is domiciled in this judicial district.

7. Defendant True Juice, LLC ("True Juice") does business as True Juice restaurants located in several north shore Chicago suburbs and also operates a preparation facility on West Grand Avenue in Chicago, Illinois, and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

8. Upon information and belief, Defendant True Juice has earned more than $500,000.00 in annual gross revenue during 2018 through 2021.

9. Defendant True Juice is registered in Illinois as a limited liability company and its manager, registered agent and principal office are located within this judicial district.

10. Defendant Whitney Fitzgerald ("Fitzgerald") is an owner of True Juice and the True Juice restaurants and served as LLC manager from at least 2018 to the present.

11. At all times relevant to this action, Defendant Fitzgerald possessed extensive oversight over the True Juice restaurants, preparation facility and business operations. Defendant Fitzgerald was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; she possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

12. Upon information and belief, Defendant Fitzgerald resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

13. During the period from approximately June, 2018 through June, 2019 Plaintiff Velis was scheduled to work and did regularly work at Defendants' True Juice restaurant in Highland Park, Illinois six (6) days a week from approximately 6:00 a.m. or 7:00 a.m. to at least 5:00 p.m. and with a variable day off each work week. During the winter months, Plaintiff Velis worked a reduced schedule typically from 7:00 a.m. to at least 3:00 p.m.

14. During the period from approximately July, 2019 through March, 2021, Plaintiff Velis was scheduled to work and did regularly work at Defendants' West Grand Avenue facility in Chicago, Illinois six (6) days a week including Sunday through Friday from approximately 9:00 a.m. to at least 7:00 p.m. During this period, Plaintiff Velis typically did not work on Saturday. During winter months, Plaintiff worked a reduced schedule of approximately seven to eight hours per day six (6) days per week.

15. Based on his work schedules, Plaintiff Velis regularly worked sixty (60) to sixty-six (66) hours in individual workweeks from June, 2018 through March, 2021 excluding winter months when he regularly worked in excess of forty (40) hours per week.

3

16. Defendants paid Plaintiff Velis on an hourly basis at the rate of $15.00 per hour during the period from at least June, 2018 through approximately September, 2020. Thereafter, Defendants paid Plaintiff on an unlawful salary basis in the amount of $800.00 per week. In addition, while Plaintiff worked at Defendants' Highland Park location, he was frequently instructed to clock out but to keep working for which he received unreported cash wage payments.

17. Defendants did not compensate Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

18. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

19. Defendants paid Plaintiff's overtime compensable hours at his straight-time rate of pay, or less.

20. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff.

## COUNT I
## Violation of the Fair Labor Standard Act- Overtime Wages

21. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

22. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

23. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

24. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

4

25. Defendant True Juice, LLC is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

26. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

27. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

28. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff was scheduled to work and regularly did work more than forty (40) hours in a workweek. In a further attempt to conceal their overtime violations, Defendants instructed Plaintiff to clock-out but to continue working. Defendants also paid a portion of Plaintiff's wages "under the table" in cash, with personal checks and on an unlawful salary basis. Additionally, Defendants failed to accurately record the number of hours worked by Plaintiff, and otherwise violated the Act's record keeping regulations.

**WHEREFORE**, the Plaintiff, Exon Velis Monrroy, prays for a judgment against Defendants, True Juice, LLC and Whitney Fitzgerald, as follows:

- A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

- B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

- C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D.       Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

29. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

30. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

31. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

32. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

33. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

34. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Exon Velis Monrroy, prays for a judgment against Defendants, True Juice, LLC and Whitney Fitzgerald, as follows:

    A.       Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

    B.       Statutory damages in the amount of three times the amount of unpaid overtime;

    C.       Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments through February, 2019 and five percent (5%) thereafter;

D.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E.     Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

35.     Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

36.     Plaintiff was an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

37.     Defendants were each an "employer" as defined in the CMWO § 1-24-10.

38.     Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

39.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiff, Exon Velis Monrroy, prays for a judgment against Defendants, True Juice, LLC and Whitney Fitzgerald, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Statutory interest damages in the amount of three times the amount of unpaid overtime;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

Dated: June 16, 2021                    Respectfully submitted,

                                        Exon Velis Monrroy,
                                        Plaintiff


                                        /s/ Timothy M. Nolan
                                        _____
                                        Attorney for the Plaintiff


Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com